IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| IN RE:<br><br>SKYCHIEF CHIEFSTICK LEWIS | Cause No. CV 25- -95-DWM<br><br>ORDER |

Petitioner Skychief Chiefstick Lewis ("Lewis"), a federal prisoner awaiting sentencing, filed a document entitled "Indictment." (Doc. 1.) The Court notes that the body of the filing is identical to a previous petition filed by Lewis earlier this year. *See, In re: Lewis*, Cause No. CV-25-44-GF-DWM, Pet. (filed June 6, 2025). In that matter, the filing was construed as a petition for habeas corpus relief under 28 U.S.C. § 2241, as Lewis was a pretrial detainee at the time of filing.

It was observed that while Lewis's filing was difficult to follow, he was seeking release from custody and appeared to be utilizing a form created by Nevada prisoners under a theory that the federal courts lack jurisdiction over those arrested in Indian Country. Lewis was advised that a criminal defendant cannot use a petition for writ of habeas corpus to challenge the district court's orders or assert defenses in a pending federal criminal prosecution. *See, Jones v. Perkins*, 245 U.S. 390, 391 (1918)("It is well settled that in the absence of exceptional

1

circumstances in criminal cases the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of a trial.") *See, In re: Lewis*, Cause No. CV-25-44-GF-DWM, Or. at 2 (D. Mont June 10, 2025). Because Lewis had adequate and effective means to vindicate his rights in the trial court, absent "special circumstances" that could justify "a departure from the regular course of judicial procedure" in criminal proceedings, he was instructed that he could not supplant those proceedings with an intervening petition for collateral habeas relief under § 2241. *Id.*, citing, *Riggins v. United States*, 199 U.S. 547, 551 (1905); *see also, Edwards v. Vannoy*, 593 U.S. 225, 289 (2021). The matter was dismissed.

Lewis is scheduled to be sentenced by Chief Judge Morris on October 29, 2025. *See, United States v. Lewis*, Cause No. CR-25-14-BMM, Min. (D. Mont. June 25, 2025). This Court declines to interfere with another judge's case. *See, Mullis, v. U.S. Bankr. Ct. for Dist. Of Nevada*, 828 F. 2d 1385, 1393 (9th Cir. 1987). Moreover, Lewis has presented no extraordinary circumstances to justify intervention in an ongoing criminal matter. Accordingly, Lewis's challenges to his active criminal case must be dismissed. Lewis must pursue any jurisdictional claims in his case before Judge Morris.

Pursuant to the Federal Rules Governing Habeas Cases, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has

made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons set forth herein, Lewis has not made a substantial showing of the denial of a constitutional right. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability is denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Lewis's Petition (Doc. 1) is DISMISSED.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 27th day of October, 2025.

_____
Donald W. Molloy, District Judge
United States District Court